UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 17-CR-30064 ) |
| KRISTIN NORRIS, et al., | ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO INFORMATION CHARGING PRIOR OFFENSES**

Now comes the United States of America by John C. Milhiser, United States Attorney for the Central District of Illinois, and Matthew Weir, Assistant United States Attorney, and in response to the defendant's objection to the information charging prior offenses states the following:

1. The grand jury returned an Indictment on October 3, 2017, charging the defendant with one count of Conspiracy to Distribute 50 Grams or More of Methamphetamine (Actual), three counts of Aiding and Abetting the Distribution of 5 Grams or More of Methamphetamine (Actual), and two counts of Aiding and Abetting the Distribution of 50 Grams or More of Methamphetamine (Actual).

2. On April 27, 2018, the government filed an information charging prior offenses (d/e 39) pursuant to 21 U.S.C. § 851(a) which alleged that the defendant had been convicted of a "felony drug offense" as defined in the Controlled Substances Act, thereby enhancing the mandatory minimum sentence the defendant faced on his charges.

3. The defendant pleaded guilty on June 5, 2018, to Count One of the Indictment, which charged Conspiracy to Distribute 50 grams or More of Methamphetamine (Actual) pursuant to 21 U.S.C. § 841(a)(1) & (b)(1)(A).

4. On December 21, 2018, Congress passed the First Step Act of 2018, which amended the Controlled Substances Act, now requiring that the defendant be convicted of a "serious drug felony" or a "serious violent felony" before he is subjected to an enhanced penalty under 21 U.S.C. § 841(a)(1) & (b)(1)(A) and removing the reference to "felony drug offense." The First Step Act made the amendment applicable to any case pending sentencing, thus making it applicable to the defendant's case.

5. Under the First Step Act, and the new definition of "serious drug felony" the defendant must have been convicted of a felony drug offense punishable by more than 10 years in prison, have served more than 12 months in prison, been released within 15 years of the current offense, and the offense must be one involving manufacturing, distributing or possessing with intent to distribute a controlled substance.

6. The defendant argues that his prior conviction for Disposal of Methamphetamine Manufacturing Waste, as relied on in the government's § 851 information, does not meet the definition of "serious drug felony" because the defendant was not subject to a sentence of 10 years or more and because the state offense is too broad.

7. The defendant does not argue that he did not serve more than 12 months in prison or that his release from prison was more than 15 years ago, thus the government considers these matters settled. The defendant received a 5-year prison sentence in his case and the defendant was incarcerated from February 3, 2007,

through October 29, 2008.

8. The defendant's prior conviction in Greene County Case Number 2007-CF-7 for Disposal of Methamphetamine Manufacturing Waste fits the definition of a "serious drug felony" under the First Step Act as it was punishable by more than 10 years in prison and involved the manufacture of methamphetamine, a schedule II controlled substance.

9. The Court should deny the defendant's objection to the government's information charging prior offenses and find that his sentence is subject to enhancement in this case.

**ARGUMENT**

I. **The Law**

Effective December 21, 2018, the First Step Act of 2018 (now Public Law Number 115-391) amended multiple sections of the United States Code related to recidivism, Bureau of Prisons practices, federal criminal sentencing, and assorted federal criminal justice matters. Said Act, passed during the pendency of the defendant's sentencing, significantly changed the legislative

framework controlling the sentencing range applicable to the defendant's conduct. Of significance to the present case, section 401 of the First Step Act, "Reduce and Restrict Enhanced Sentencing for Prior Drug Felonies," amended both 21 U.S.C. § 802 and 21 U.S.C. § 841(b)(1)(A). Under these amendments, Congress struck from § 841(b)(1)(A) language triggering enhancement due to "a felony drug offense" and lowered the resultant enhanced mandatory minimum sentence. § 841(b)(1)(A) now reads, in pertinent part:

> "If any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years…"

In addition, Congress amended the definitions contained in § 802 to define the phrase 'serious drug felony' as:

> "an offense described in section 924(e)(2) of title 18, United States Code, for which –
> (A) the offender served a term of imprisonment of more than 12 months; and
> (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense."

18, U.S.C., § 924(e)(2)(A)(ii), which applies to this case, defines "serious drug offense" in part as:

> "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 USC 802), for which a maximum term of imprisonment of ten years or more is prescribed by law."

The newly amended 21 U.S.C. § 841(b)(1)(A) applies to the defendant's case.

## II. "Serious Drug Felony"

A. <u>An Offense Punishable by 10 Years or More</u>

The defendant's conviction for Disposal of Methamphetamine Manufacturing Waste was an offense punishable by more than 10 years. Pursuant to 720 ILCS 646/45, Disposal of Meth Manufacturing Waste was a Class 2 felony. Ordinarily, a Class 2 felony was punishable by 3-7 years in prison. 730 ILCS 5/5-8-1 (Now 730 ILCS 5/5-4.5-35(a)). However, pursuant to 720 ILCS 5/5-5-3.2(b)(1) the court had discretion to impose an extended term sentence on a defendant when that defendant had been convicted of

committing the same or higher class felony within 10 years of the current felony. Under 720 ILCS 5/5-8-2 the extended term for a Class 2 felony was 7-14 years in prison. The defendant has a prior conviction in Scott County Case Number 2005-CF-45 for Unauthorized Production or Possession of More than 50 Cannabis Plants, a Class 2 felony. See 720 ILCS 550/8(d). Because the defendant committed the crime of Disposal of Meth Manufacturing Waste less than 10 years after his conviction for a Class 2 felony, he was punishable by a maximum term of imprisonment of more than 10 years, being 3-14 years. In addition, under 720 ILCS 646/100(a), any person convicted of a second violation of the Methamphetamine Control and Community Protection Act, 720 ILCS 646/et. seq., is eligible for a prison sentence "up to twice the maximum term otherwise authorized." The defendant was previously convicted of Unlawful Possession of Methamphetamine in Pike County Case Number 2006-CF-3. This conviction was pursuant to 720 ILCS 646/60(b)(1); therefore, his conviction for Disposal of Meth Manufacturing Waste was a second conviction

under the Methamphetamine Control and Community Protection Act, subjecting him to a prison term of up to 14 years.

B. <u>The Defendant's Prior Conviction for Disposal of Meth Manufacturing Waste Involved Manufacturing Meth</u>

The government agrees with the defendant that the categorical approach is appropriate in this case. *See United States v. Elder*, 900 F.3d 391 (7th Cir. 2018). 720 ILCS 646/45(a) states:

> "It is unlawful to knowingly burn, place in a trash receptacle, or dispose of methamphetamine manufacturing waste, knowing that the waste was used in the manufacturing of methamphetamine."

Thus it appears Illinois requires the defendant 1) knowingly burn, place in a trash receptacle or dispose of methamphetamine manufacturing waste, and 2) know the waste was used in the manufacturing of methamphetamine. The term "dispose" is defined as:

> "to abandon, discharge, release, deposit, inject, dump, spill, leak, or place methamphetamine waste onto or into any land, water, or well of any type so that the waste has the potential to enter the environment, be emitted into the air, or be discharged into the soil or any waters, including groundwater." 720 ILCS 646/10.

The term "methamphetamine waste" is defined as:

> "any chemical, substance, ingredient, equipment, apparatus, or item that is left over from, results from, or is produced by the process of manufacturing methamphetamine, other than finished methamphetamine." 720 ILCS 646/10.

This definition clearly falls within 18 U.S.C. § 924(e)(2)(A)(ii) as it is an offense "involving" the manufacture of methamphetamine. *See Infra.* Section I.

As the defendant notes, this is a matter of first impression in the Seventh Circuit. However, the Seventh Circuit recently gave a strong hint at its position in *United States v. Anderson*, 2019 WL 1306309 (March 21, 2019) an unpublished opinion that while not precedential is clearly persuasive. In *Anderson* at \*4 (*quoting United States v. King*, 325 F.3d 110, 113 (2d. Cir. 2003)), the Court stated that "[f]ederal courts interpret the word 'involving' as having 'expansive connotations'" before citing favorably to numerous other opinions finding that the word "involving" in the statute extends the definition to cases related to or connected to such conduct. The Court in *Anderson* at \*4 found that a conviction under Indiana law

for financing the manufacture or delivery of a controlled substance "involves" prohibited drug dealing and qualifies as a "serious drug offense."

It is clear that the term "involving" opens the statute up to crimes beyond just purely distributing, manufacturing and/or possessing with intent to distribute controlled substances. *See United States v. Berkos*, 543 F.3d 392, 396 (7th Cir. 2008)("Statutory interpretation begins with the plain language of the statute.") If Congress had intended to only count prior convictions for distributing, manufacturing and/or possessing with intent to distribute within the definition of "serious drug offense" it could have. Instead, Congress included the word "involving" which the Court must consider. The present case "involves" manufacturing methamphetamine as it is mentioned in both elements of the state crime of Disposal of Methamphetamine Manufacturing Waste. In fact, without the manufacture of methamphetamine, one could not commit the underlying state crime at all.

## **CONCLUSION**

The defendant's prior conviction for Disposal of Methamphetamine Manufacturing Waste under 720 ILCS 646/45(a) qualifies under the definition of "serious drug crime" and serves to enhance the defendant's mandatory minimum under 21 U.S.C. § 841(a)(1) & (b)(1)(A) from 10 to 15 years in prison.

WHEREFORE, the government respectfully requests the Court deny the defendant's objection to the information charging prior offenses and find that the defendant is subject to an enhanced mandatory minimum under 21 U.S.C. § 841(a)(1) & (b)(1)(A).

Respectfully submitted,

JOHN C. MILHISER
ACTING UNITED STATES ATTORNEY

*/s/ Matthew Z. Weir*
Matthew Z. Weir, IL Bar No. 6304257
Assistant United States Attorney
United States Attorney's Office
318 South 6th Street
Springfield, IL 62701
Telephone: 217/492-4450
Email: Matt.Weir@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Howard W. Feldman.

/s/ *Matthew Z. Weir*
Matthew Z. Weir
Assistant United States Attorney