IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>KRISTIN NORRIS, et al.,<br><br>    Defendant. | No.: 17-cr-30064 |

## REPLY TO GOVERNMENT'S REPONSE TO DEFENDANT'S OBJECTION TO INFORMATION CHARGING PRIOR OFFENSES

Defendant, KRISTIN NORRIS, by his attorneys Howard W. Feldman and John S. M. Morse of Feldman Wasser, replies to the Government's Response to Defendant's Objection to Information Charging Prior Offices (d/e 81) as follows:

1. On April 1, 2019, the Government filed a Response to Defendant's Objection to Information Charging Prior Offenses (d/e 81).

2. Therein, the Government cites to *United States v. Anderson*, 2019 WL 1306309 (March 21, 2019), and relies on this case for the proposition that the Seventh Circuit would view Defendant's prior conviction for Disposal of Methamphetamine
**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL  62705
217/544-3403

Page **1** of **6**

Manufacturing Waste as a "serious drug offense" under 21 U.S.C. § 924(e)(2)(A)(ii) and, therefore, a "serious drug felony" under the newly amended 21 U.S.C. § 802.

3. Importantly, *Anderson* is an unpublished, non-precedential decision, a fact which the Government acknowledged. Its holdings and dicta should not influence this Court.

4. The appellate case directly on point, as Defendant has argued and the Government appears to acknowledge, is *United States v. Elder*, 900 F.3d 391 (7th Cir. 2018). There, the Seventh Circuit applied the categorical approach to the definitions of Section 802 in a straightforward, commonsense manner.

5. The *Anderson* Court's citation to cases from other circuits, in which courts have approved a broad reading of 21 U.S.C. § 924(e)(2)(A)(ii), is inexplicable and leaves its ruling in tension with *Elder*.

6. The *Elder* Court made specific reference to the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). There, the Supreme Court clarified that the categorical approach involves nothing more and nothing less than the comparison of

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

the elements of the offense of prior conviction with the elements of the generic offense Congress determines triggers a given statute's sentence enhancement. *Id.* at 2248.

7. This is significant, because it necessarily means that both the courts to which *Anderson* cited and the Government itself have failed to apply the categorical approach with fidelity. When a court abstracts from the elements of the generic offense to consider whether an offense of prior conviction sufficiently "involved" enhancement-triggering conduct, it is no longer applying the elements-only categorical approach. Rather, it is conducting exactly the sort of analysis against which the Supreme Court ruled in *Mathis* and in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

8. That the Government makes the same error in its Response (d/e 81) is evident from the fact that, while agreeing that the categorical approach applies to this case, the Government never identifies a generic offense for comparison or actually engages in a categorical analysis.

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

9. The *Elder* Court's decision casts serious doubt on the *Anderson* Court's expansive reading of "involving." In *Elder*, the court construed 21 U.S.C. § 802(44), a definition of "felony drug offense" encompassing offenses "relating to" various drugs. 900 F.3d at 498. The *Elder* Court did not apply any expansive reading to this phrase, despite the fact that there is little, if any, difference between the meaning of "relating to" and "involving."

10. Thus, there is ample reason for this Court to view the unpublished, non-precedential *Anderson* with skepticism and apply the categorical approach as the *Mathis* and *Elder* Courts have.

11. Finally, even if this Court were to employ a broad reading of "involving," Disposal of Methamphetamine Manufacturing Waste does not involve the manufacture, delivery, or even possession of a controlled substance. As Defendant has argued previously, the scope of this statute is so broad that it could allow for the conviction of citizens who have never been in the same room as a controlled substance. Under the terms of this statute, the State could convict a janitor who disposes of trash, at any

FeldmanWasser
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

time, if the janitor knows the trash contains waste produced from methamphetamine manufacturing. If the elements of such an offense can trigger enhanced mandatory minimums, there may be no rational line at which "involvement" ends.

WHEREFORE, Defendant respectfully prays that this honorable Court enter an order denying and dismissing the Government's Information Charging Prior Offenses.

KRISTIN NORRIS, Defendant,

BY:   /s/ Howard W. Feldman
Howard W.Feldman, #0788066
1307 South Seventh
Springfield, IL 62703
217-544-3403
hfeldman@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **5** of **6**

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 17, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Matthew Z. Weir | matthew.weir@usdoj.gov |
| Jason Vincent | jvincent@delanolaw.com |
| D. Peter Wise | peter@gwspc.com, dhodge@gwspc.com |
| Scott Alan Sabin | sabin@springfieldlawfirm.com, michelle@springfieldlawfirm.com, secretary2@springfieldlawfirm.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

  Not Applicable

            /s/ Howard W. Feldman
            Howard W. Feldman #0788066
            Attorney for Defendant
            FeldmanWasser
            1307 S. 7th Street, P.O. Box 2418
            Springfield, IL 62705
            Telephone: (217) 544-3403
            Fax: (217) 544-1593
            E-mail: hfeldman@feldman-wasser.com

**FeldmanWasser**
1307 S. Seventh St.
Post Office Box 2418
Springfield, IL 62705
217/544-3403

Page **6** of **6**